# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| GREG GUTHRIE, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )    CAUSE NO. 3:16-CV-473-MGG<br>) |
| LORI ANN HOCHSTETLER, | )<br>) |
| Defendant. | )<br>)<br>) |

## OPINION AND ORDER

On June 19, 2017, Defendant filed her Motion to Exclude Expert Testimony asking the Court to exclude expert testimony from certain healthcare providers that Plaintiff designated as experts because Plaintiff has failed to properly disclose summaries of fact and opinion as required by Fed. R. Civ. P. 26(a)(2). On June 30, 2017, Plaintiff filed his response in opposition to Defendant's instant motion. The instant motion became ripe on July 7, 2017, when Defendant filed her reply brief. The undersigned retains jurisdiction over this case based on the parties' consent and 28 U.S.C. § 636(c). For the reasons discussed below, the Court issues the following Opinion and Order denying without prejudice Defendant's motion to exclude expert testimony.

### I.    RELEVANT BACKGROUND

This personal injury action arises from a car accident on August 30, 2014, in which Defendant rear-ended Plaintiff. Plaintiff alleges that Defendant's negligence resulted in injuries, including a herniated disc in his neck. After the accident, Plaintiff treated with multiple doctors. His primary care doctor, Dr. Charles Higgs-Couthard, referred him to physical therapy and a neurologist, Dr. George DePhillips, who diagnosed the herniated disc. Upon Dr. DePhillips's

departure from the neurology practice, Dr. Neal Patel took over as Plaintiff's neurologist. Dr. Patel performed a cervical fusion surgery.

On May 24, 2017[1], Plaintiff submitted his expert disclosures to Defendant. Plaintiff disclosed thirteen treatment providers as expert witnesses, but did not submit any written reports prepared or signed by the experts. Through his disclosures, Plaintiff described the subject of eleven doctors' testimony as "the diagnosis, causation, treatment, and prognosis of Plaintiff's injuries." [DE 14-1 at 1–3]. For two of the doctors, Plaintiff disclosed the subject of their testimony as "Plaintiff's injuries, causation of injuries, treatment of injuries." [*Id.* at 3]. Plaintiff attached the sworn statements of Dr. Higgs-Couthard [*Id.* at 5–8], Dr. DePhillips [*Id.* at 117–25], and Dr. Patel [*Id.* at 76–80] to his disclosures. Plaintiff also attached curriculum vita for Dr. Patel [*Id.* at 85-88] and Dr. DePhillips [*Id.* at 158–59]. For all thirteen doctors, Plaintiff noted that "[m]edical reports have been previously provided." [*Id.* at 1–3].

In the instant motion, Defendant alleges that Plaintiff's disclosures do not satisfy his Rule 26(a)(2) obligations. Specifically, Defendant contends that Plaintiff has failed to provide (1) summaries of the facts or opinions anticipated in testimony from ten of the disclosed healthcare providers[2], and (2) full expert reports from Dr. Higgs-Couthard, Dr. DePhillips, and Dr. Patel

---

[1] The Court notes that the deadline for Plaintiff to submit his expert disclosures was May 20, 2017. [DE 8 at 2]. However, the parties now report that they agreed—without the Court's approval—to extend the deadline until May 27, 2017. [DE 14 at 2; DE 15 at 3]. Based on the parties' agreement, the Court accepts Plaintiff's disclosures as timely filed while **REMINDING** the parties that extending discovery deadlines is solely within the Court's purview. *See* Fed. R. Civ. P. 16(b)(4) (requiring both good cause and the judge's consent for any modification of a Rule 16(b) Scheduling Order); *see also* Fed. R. Civ. P. 6(b)(1) (allowing the court to extend deadlines for good cause before the deadline expires and for good cause and excusable neglect after the deadline expires).

[2] *See* DE 14-1 at 1–3 (disclosing Gregory O'Neil, M.D. (Med-Point physician); David Hartman, M.D. (Emergency Room physician); Stephanie Anspaugh, PT, PPT, OCS (Physical Therapist); Erick C. Leffler, DC (Treating Chiropractor); Chris Leeuw, DPT (Physical Therapist); Kathryn Park, M.D. (Interventional Pain Management, Physical Medicine and Rehabilitation); Thomas A. Predey, M.D. (Neuroradiologist); John Collins, M.D. (Neurology Specialists); Richard Zentz, D.O. (Family Physician)).

(collectively the "Three Physicians"), all of whom Defendant alleges are expected to testify on matters beyond their treatment-related observations.

In opposition, Plaintiff argues that he has fulfilled his Rule 26(a)(2) expert disclosure and report obligations. First, Plaintiff argues that he has not retained any experts to testify about medical causation and that any of the physicians' opinions about causation were made in the course of treating Plaintiff. Second, Plaintiff contends that the he timely and adequately summarized the testimony of each treating physician in his disclosure. Third, Plaintiff contends that his production of medical records from all the disclosed physicians constitute the required summary of facts and opinions. Lastly, Plaintiff argues that even if the Three Physicians are deemed retained experts, their sworn statements serve the same purpose as Rule 26(a)(2)(B) written reports because they report the doctors' opinions, their reasons for those opinions, the data and facts behind those opinions, and the medical records considered in reaching those opinions. In addition, Plaintiff contends that he has provided information on the Three Physicians' qualifications, history of expert testimony, and compensation in this case.

## II. ANALYSIS

### A. Legal Standard

Federal Rules of Civil Procedure 26(a)(2) governs the disclosure of expert testimony and provides:

> (A) *In General.* In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
>
> (B) *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report— prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

> (i)  a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii)  the facts or data considered by the witness in forming them;
>
> (iii)  any exhibits that will be used to summarize or support them;
>
> (iv)  the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v)  a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi)  a statement of the compensation to be paid for the study and testimony in the case.
>
> (C)  *Witnesses Who Do Not Provide a Written Report*.  Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
> > (i)  the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
> >
> > (ii)  a summary of the facts and opinions to which the witness is expected to testify.

"*[A]ll* witnesses who are to give expert testimony under the Federal Rules of Evidence must be disclosed under Rule 26(a)(2)(A) while only those witnesses '*retained or specially employed to provide expert testimony*' must submit an expert report complying with Rule 26(a)(2)(B)." *Banister v. Burton*, 636 F.3d 828, 833 (7th Cir. 2011) (internal quotations and citations omitted) (emphasis in the original).  "The expert report serves the purpose of putting the opposing party on notice of the expert's proposed testimony, so the opposing party may form an appropriate response." *Brunswick v. Menard, Inc.*, No. 2:11 CV 247, 2013 WL 5291965, at *3 (N.D. Ind. Sept. 19, 2013) (citing *Meyers v. Nat'l R.R. Passenger Corp.*, 619 F.3d 729, 734 (7th Cir. 2010); *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 757–58 (7th Cir. 2004)).

### B. Plaintiff's Experts' Status as Retained Experts Under Rule 26(a)(2)(B)

Before assessing whether Plaintiff has complied with his Rule 26(a)(2) disclosure requirements, the Court must determine whether any of the thirteen disclosed physicians constitute experts retained or specially employed to testify in this case such that a written expert report is required under Rule 26(a)(2)(B). Treating physicians who testify as to the cause of a plaintiff's injuries often opine about matters beyond those observed during the plaintiff's medical treatment necessitating a full Rule 26(a)(2)(B) expert report. *Meyers*, 619 F.3d at 734; *see also Brunswick*, 2013 WL 5291965, at *5; *Coleman v. Am. Family Mut. Ins. Co.*, 274 F.R.D. 641, 644 (N.D. Ind. 2011). Thus, the question here is whether Plaintiff's treating physicians reached their conclusions about causation during their treatment of and based on their personal observations of Plaintiff.

Plaintiff has posited that none of the thirteen physicians are retained experts hired to testify about causation. As to the Three Physicians, Plaintiff relies upon their sworn statements and medical records to show that their opinions about causation were reached during treatment. Yet only Dr. DePhillips's sworn statement and medical records confirm that he reached his causation determination during Plaintiff's treatment such that no written report is required. Dr. Higgs-Couthard and Dr. Patel both testified regarding causation in their sworn statements. However, the record shows that they reached their conclusions about causation for the first time while being interviewed for the sworn statement after Plaintiff's treatment was complete and only in response to Plaintiff's counsel's questions and having reviewed medical records other than their own. Without evidence that they reached their causation opinions while treating Plaintiff, Dr. Higgs-Couthard and Dr. Patel appear to be expert witnesses for whom written reports are presumably required under Rule 26(a)(2)(B). However, requiring those expert reports

as a foundation for their causation testimony would be an inefficient use of resources because the causation testimony is likely to be deemed inadmissible.

Courts must ensure that any expert testimony or evidence admitted is relevant and reliable. *Mihailovich v. Laatsch*, 359 F.3d 892 918 (7th Cir. 2004); *see also* Fed. R. Evid. 702. In so doing, courts must examine whether 1) the expert will "testify based on *valid* scientific, technical, or specialized knowledge, *i.e.*, whether the expert's testimony is reliable," and 2) whether that testimony will assist the trier of fact in understanding or determining a fact in issue. *Ruppel v. Kucanin*, No. 3:08 CV 591, 2011 WL 2470621, at *2 (N.D. Ind. June 20, 2011) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 (1993)); *see also Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000).

Here, Plaintiff has not demonstrated that any of the Three Physicians are qualified to opine on the relationship between car accidents and personal injuries despite submitting their sworn statements and the curriculum vita for Dr. DePhillips and Dr. Patel. The Three Physicians clearly retain medical credentials and professional experience relevant to the treatment of injuries like those at issue in this case. What the record fails to show, however, is whether they retain scientific, technical, or specialized knowledge to reliably opine about the relationship between car accidents and injuries like Plaintiff's.

The substance of their opinions also bring into question the reliability of the Three Physicians' causation testimony. Specifically, each of the Three Physicians has simply concluded that Plaintiff's injuries were caused by the car accident involving Defendant based on the temporal proximity of Plaintiff's injuries to the accident. No one disputes that Plaintiff's injuries occurred after the accident. However, basic logic dictates that temporal proximity alone—while relevant—does not determine the causation of an individual's injuries.

6

Accordingly, the causation testimony of any of the Three Physicians do not warrant a Rule 26(a)(2)(B) written expert report.

As to his other ten treating physicians, Plaintiff has only produced their medical records and only to Defendant. In addition, Plaintiff has not cited any parts of those medical records to this Court to show the specific nature of those physicians' anticipated causation testimony or whether they reached their causation conclusions while treating Plaintiff. Yet, Defendant does not strongly argue that they are retained experts either. Instead, Defendant focuses on Plaintiff's failure to supply the Rule 26(a)(2)(C)(ii) summary report for these physicians. Accordingly, the Court will assume that these ten physicians are not retained experts from whom written reports are required at this time.

### C.  Rule 26(a)(2)(C) Summary of Expert Testimony and Bases for Conclusions

Treating physicians are typically considered experts required to submit summary disclosures under Rule 26(a)(2)(C) rather retained or specially employed experts required to submit an expert report under Rule 26(a)(2)(B). Fed. R. Civ. P. 26(a)(2)(C) advisory committee's notes to 2010 amendment. Accordingly, treating "physicians who are expected to testify, at minimum, are required to file a summary report, disclosing the subject matter on which the witness is expected to present expert opinion testimony and a summary of the facts and opinions expected in testimony as required under Rule 26(a)(2)(C). Whether a treating physician is required to provide a Rule 26(a)(2)(C) summary report or a complete Rule 26(a)(2)(B) expert report depends on the particular testimony given. *Brunswick*, 2013 WL 5291965, at \*4. "If a treating physician intends to testify beyond his observations [*i.e.*, personal knowledge], he must provide a full expert report." *Id.*

Here, Plaintiff's expert disclosure reports the subject of the anticipated testimony from eleven of the thirteen disclosed physicians with the following notation under each name: "Subject: the diagnosis, causation, treatment, and prognosis of Plaintiff's injuries." [DE 14-1 at 1–3]. For the remaining two physicians, Plaintiff notes: "Subject: Plaintiff's injuries, causation of injuries, treatment of injuries." [*Id.* at 3]. Plaintiff's "subject notations" satisfy Rule 26(a)(2)(C)(i)'s requirement to disclose the subject matter of anticipated testimony. However, Plaintiff has not produced any summary of the facts and opinions about which the thirteen physicians are expected to testify as required under Rule 26(a)(2)(C)(ii). Instead, Plaintiff argues that the medical records from all thirteen physicians along with the sworn statements from the Three Physicians satisfy the Rule's summary requirement. The Court is not persuaded.

Rule 26(a)(2)(C)(ii) summaries clarify a witness's "expected testimony . . . and the bases for the conclusions." *Ballinger v. Casey's Gen. Store*, No. 1:10-cv-1439-JMS-TAB, 2012 WL 1099823, at *5 (S.D. Ind. Mar. 29, 2012). Medical records alone do not satisfy the Rule 26(a)(2)(C)(ii) summary requirement. *Brunswick*, 2013 WL 5291965, at *5.

> If the court only were to require that the information treating physicians intend to testify about to be present in the medical records, this would dispose of the summary report requirement mandated by Rule 26(a)(2)(c) and could result in abuse by inviting a party to dump a litany of medical records on the opposing party rather than preparing a summary of the expert's testimony.

*Id.* (citing *Ballinger*, 2012 WL 1099823, at *4).

Here, the record includes no evidence that Plaintiff intentionally dumped excessive medical records on Defendant for any abusive purpose. Nevertheless, the medical records from the thirteen disclosed physicians are not sufficiently narrow in focus to clarify what their expected testimony will be let alone or the bases for their conclusions. Similarly, the three sworn statements that Plaintiff has produced cover too much evidentiary territory to clarify the

8

physicians' expected testimony or the bases for that testimony. As such, Plaintiff's disclosure of medical records and sworn statements do not satisfy his obligation to provide a summary of the thirteen physicians' testimony under Fed. R. Civ. P. 26(a)(2)(C)(ii).

### D. Sanctions for Failure to Disclose Expert Summary Reports

Having determined that Plaintiff failed to comply with Rule 26(a)(2)(C)(ii)'s requirement for a summary report to clarify the thirteen physicians' expected testimony and bases for their conclusions, the Court now must determine what, if any, sanctions are appropriate. Under Fed. R. Civ. P. 37(c)(1), a "party is not allowed to use" any information or witness to supply evidence at a trial if the party fails to disclose the identity of an expert witness or to provide any information required under Fed. R. Civ. P. 26(a)(2) "unless the failure was substantially justified or is harmless." *See also Meyers*, 619 F.3d at 734. Therefore in this case, the expert testimony of Plaintiff's thirteen treating physicians should be excluded unless Plaintiff can show that his lack of compliance with Rule 26(a)(2)(C) was substantially justified or harmless. A district court "need not make explicit findings regarding a justification or the harmlessness of the Rule 26 violation, but . . . the following factors should guide the district court's discretion: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Banister*, 636 F.3d at 833 (quoting *Westefer v. Snyder*, 422 F.3d 570, 585 n. 21 (7th Cir. 2005)).

Defendant cannot claim complete surprise as to the testimony of Plaintiff's thirteen disclosed treating physicians as she received medical records from all thirteen physicians before Plaintiff's disclosures were made on May 24, 2017. *See Ballinger*, 2012 WL 1099823, at 4–5 (allowing treating physician to testify despite failure to provide expert report because the

9

defendant had been on notice since receiving initial disclosures identifying the physician and production of medical records early in discovery). Yet the parties have not made clear to the Court exactly when Plaintiff originally produced those medical records leaving some question as to how much time Defendant was afforded to review the records before the faulty expert disclosures were made. Yet, Defendant can reasonably claim prejudice and surprise as to any issues, especially causation and prognosis, that do not appear to be incorporated into any of the medical records besides those of Dr. DePhillips. Indeed, Plaintiff's faulty disclosures have left Defendant unable to discern the specific nature of the physicians' expert testimony limiting her ability to craft a settlement or trial strategy going forward.

Plaintiff's faulty disclosures have also left Defendant to root around in the medical records to guess what position the physicians will take. Notably, the sworn statements of the Three Physicians do help narrow their expected testimony a bit from the medical records. However, even the sworn statements do not pinpoint the full bases for the Physicians' conclusions either leaving Defendant in the dark or forcing her to expend resources unnecessarily ascertaining Plaintiff's positions, a task that the Federal Rules of Civil Procedure relegated to Plaintiff.

Plaintiff has disadvantaged Defendant further given that a jury trial is scheduled in this case for November 28, 2017—less than six weeks away. Without an extension of the trial date, Defendant lacks sufficient time to develop her response to the physicians' expected testimony and her final defense strategy. Furthermore, any delay to the trial to allow time for Plaintiff to provide the missing summary reports and for Defendant to develop a response to the expected testimony also prejudices Defendant, who should not be faced with protracted litigation solely due to Plaintiff's failure to follow the expert disclosure rules of this Court. As a result, any

prejudice and delay caused by Plaintiff's faulty disclosures can only be overcome with the Court's assistance. Neither party can cure the prejudice alone.

With that said, the record shows no evidence that Plaintiff withheld the experts' summary reports in bad faith or willfully to delay this litigation or limit Defendant's defense. Instead, Plaintiff appears to have misunderstood the scope of the Rule 26(a)(2)(C) requirements. As such, exclusion of testimony from Plaintiff's treating physicians is an excessive and unduly prejudicial remedy. Nevertheless, the prejudice to Defendant cannot be ignored.

Under Fed. R. Civ. P. 37(c)(1)(A)–(C), the Court retains discretion to impose additional or alternative sanctions for discovery violations in the form of (1) "reasonable expenses, including attorney's fees, caused by the failure;" (2) informing "the jury of the party's failure;" and (3) other sanctions, including those listed in Fed. R. Civ. P. 37(b)(2)(A)(i)–(vi) "on motion and after giving an opportunity to be heard." In light of the unique circumstances of this case, the Court's primary goal is to get it to trial as quickly as possible while ensuring that Defendant has time to prepare a complete defense grounded in the knowledge of Plaintiff's anticipated factual and opinion evidence, including the testimony of the thirteen treating physicians.

To achieve that goal, the Court will delay the trial briefly and require Plaintiff to serve Rule 26(a)(2)(C)(ii) summary reports for all of his disclosed treating physicians that Defendant can still challenge. Assuming the reports are compliant, Defendant can be allowed additional time for discovery related to the reports in preparation for trial. At trial, the testimony of Plaintiff's disclosed treating physicians will be limited to opinions actually formed during Plaintiff's treatment, or in other words, testimony within the scope of a physician's personal knowledge and observations. No further sanctions are warranted at this time.

**III.    CONCLUSION**

For the reasons discussed above, the Court finds that none of Plaintiff's thirteen disclosed treating physicians constitute Rule 26(a)(2)(B) retained experts.  As such, no written expert reports were required from any of the thirteen physicians.  However, Plaintiff's disclosures failed to include a Rule 26(a)(2)(C)(ii) "summary of the facts and opinions to which the witness is expected to testify."  Plaintiff's faulty disclosures are attributable to a misunderstanding of the Rules rather than any bad faith conduct.  The prejudice to Defendant from the faulty disclosures can be mitigated by (1) delaying the trial to allow additional time for Plaintiff to perfect his expert disclosures and for Defendant to conduct discovery related to the disclosures in preparation for trial, and (2) limiting Plaintiff's expert testimony to facts and opinions within the personal knowledge and observations of the expert.

Therefore, the Court now **DENIES WITHOUT PREJUDICE** Defendant's motion to exclude Plaintiff's expert testimony.  [DE 13].  Consequently, the Court **VACATES** (1) the jury trial currently scheduled to begin on November 28, 2017; (2) the Final Pretrial Conference scheduled for November 14, 2017; and (3) all other trial-related deadlines.

By **October 27, 2017**, Plaintiff must serve on Defendant summary reports, fully compliant with Rule 26(a)(2)(C)(ii), for all previously disclosed treating physicians expected to testify.  Defendant may file a renewed motion to exclude expert testimony, if necessary, by **November 6, 2017**.  If a renewed motion to exclude is not filed, Defendant may conduct discovery in response to Plaintiff's summary reports, including disclosure of rebuttal expert witnesses and reports, through **November 27, 2017**.

At trial, testimony of Plaintiff's disclosed treating physicians is **LIMITED** to (1) those for whom summary reports have been timely served; and (2) opinions formed during Plaintiff's

12

treatment and reflected in the physician's own medical records.  No testimony beyond the scope of a physician's personal knowledge and observations of Plaintiff's treatment will be admitted.

Lastly, the Court **SCHEDULES** a telephonic status conference, for the purpose of resetting a trial date, on **November 28, 2017**, at **10:30 a.m. (E.S.T.)**.  The Court will call all counsel listed on the docket sheet unless notified that specified attorneys need not be contacted. If, at the time of the scheduled conference, any appearing attorney will not be at the telephone number identified on the docket, please contact chambers with a preferred phone number.

**SO ORDERED.**

Dated this 20th day of October 2017.

S/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge
