# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| GREG GUTHRIE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO. 3:16-CV-473-MGG |
| LORI ANN HOCHSTETLER, | ) ) ) |
| Defendant. | ) ) ) |

## OPINION AND ORDER

On November 6, 2017, Defendant filed her Renewed Motion to Exclude Expert Testimony. On November 17, 2017, Plaintiff filed his response in opposition to Defendant's instant motion. The instant motion became ripe on November 28, 2017, without any reply brief being filed. The undersigned retains jurisdiction over this case based on the parties' consent and 28 U.S.C. § 636(c). As discussed below, the Court denies Defendant's Renewed Motion.

## I. RELEVANT BACKGROUND

On October 20, 2017, this Court denied without prejudice Defendant's first motion to exclude expert testimony. As relevant here, Defendant argued that Plaintiff had failed to comply with the disclosure requirements of Fed. R. Civ. P. 26(a)(2). The Court found Plaintiff's primary care doctor, Dr. Charles Higgs-Couthard, and his neurologists, Dr. George DePhillips and Dr. Neal Patel, to be treating physicians who did not qualify as retained experts. [DE 24 at 6–7]. As a result, the Court held that Rule 26(a)(2)(C)(ii) obligated Plaintiff to disclose a summary of the facts and opinions about which Drs. Higgs-Couthard's, DePhillips', and Patel's were expected to testify. Plaintiff had provided his medical records and sworn statements from all three

physicians, but no summary.  Accordingly, the Court found that Plaintiff failed to satisfy his Rule 26(a)(2)(C)(ii) obligation to disclose a summary of facts and opinions.  [DE 24 at 9].

The Court then ordered Plaintiff to "serve on Defendant summary reports, fully compliant with Rule 26(a)(2)(C)(ii), for all previously disclosed treating physicians expected to testify" by October 27, 2017.  [DE 24 at 12].  The Court afforded Defendant the opportunity to file a renewed motion to exclude, if necessary, by November 6, 2017.

On October 27, 2017, Plaintiff served his Amended Expert Disclosures under Rule 26(a)(2)(C)(ii) upon Defendant.  Plaintiff alleges that his Amended Disclosures included the three physicians' anticipated trial testimony, including their opinions and the facts upon which they relied.  [DE 27 at 1; *see also* DE 26-2].

Contending that the Amended Disclosures did not constitute fully-compliant Rule 26(a)(2)(C)(ii) disclosures, Defendant filed the instant renewed motion to exclude the expert testimony of only Dr. DePhillips and Dr. Patel on November 6, 2017.  In her renewed motion, Defendant describes Plaintiff's Amended Disclosures as Plaintiff's—or more likely his counsel's—regurgitations of the previously rejected sworn statements.  Defendant argues that Fed. R. Civ. P. 26(a)(2)(C)(ii) requires the experts themselves to prepare, sign, and serve the summary reports.  As such, Defendant contends that Plaintiff has not complied with the Court's order to disclose fully-compliant summary reports; she has been prejudiced by the allegedly improper disclosures; and the Court has been precluded from performing its gatekeeping function because of Plaintiff's faulty disclosures.

In response, Plaintiff argues that his Amended Disclosures are compliant because Fed. R. Civ. P. 26(a)(2)(C)(ii) does not require that the summary reports be prepared and signed by the expert.  Moreover, Plaintiff contends that Defendant cannot be prejudiced because he has

actually produced more than the required summary reports, including the full transcripts of Dr. DePhillips' and Dr. Patel's Depositions for Trial Testimony, which were attached as exhibits to Plaintiff's response brief. [*See* DE 27-2 (DePhillips); DE 27-4 (Patel)]. The Court agrees.

## II. ANALYSIS

Federal Rules of Civil Procedure 26(a)(2) governs the disclosures required of expert witnesses like treating physicians who are not required to provide a written report and states:

> (A) *In General*. In addition to the disclosure required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
>
> . . . .
>
> (C) *Witnesses Who Do No Provide a Written Report*. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
> > (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
> >
> > (ii) a summary of the facts and opinions to which the witness is expected to testify.

*See also* Fed. R. Civ. P. 26(a)(2)(C) advisory committee's notes to 2010 amendment. "The expert report serves the purpose of putting the opposing party on notice of the expert's proposed testimony, so the opposing party may form an appropriate response." *Brunswick v. Menard, Inc.*, No. 2:11 CV 247, 2013 WL 5291965, at *3 (N.D. Ind. Sept. 19, 2013) (citing *Meyers v. Nat'l R.R. Passenger Corp.*, 619 F.3d 729, 734 (7th Cir. 2010); *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 757–58 (7th Cir. 2004)).

Despite Defendant's arguments, nothing in Fed. R. Civ. P. 26(a)(2) mandates that non-retained experts prepare and sign the summary of facts and opinions required in subsection (ii). To the contrary, subsection (A), which sets the foundation for subsection (C), explicitly states

3

that "a party must disclose . . . ." Moreover, Defendant cannot claim surprise in any way because Plaintiff has already submitted the actual testimony from Dr. DePhillips and Dr. Patel—testimony that Defendant's counsel was able to cross-examine during the video depositions already taken. Therefore, excluding the testimony of Dr. DePhillips and Dr. Patel would unduly prejudice with no prejudice to Defendant and is not warranted.

### III. CONCLUSION

Plaintiff's Amended Disclosures satisfy the Fed. R. Civ. P. 26(a)(2)(C)(ii) requirement for summary reports ordered by this Court. Accordingly, the Court **DENIES** Defendant's renewed motion to exclude the expert testimony of Dr. DePhillips and Dr. Patel. [DE 25].

**SO ORDERED.**

Dated this 2nd day of February 2018.

    s/Michael G. Gotsch, Sr.
    Michael G. Gotsch, Sr.
    United States Magistrate Judge